# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IOT INNOVATIONS LLC,<br><br>  Plaintiff,<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. and RESIDEO LLC f/k/a ADEMCO INC.,<br><br>  Defendants. | Civil Action No. 2:25-cv-01217<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IoT Innovations LLC ("IoT Innovations" or "Plaintiff") files this Complaint against Resideo Technologies, Inc. and Resideo LLC f/k/a Ademco Inc. (collectively, "Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action for Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents"), issued by the United States Patent and Trademark Office ("USPTO"):

| U.S. Patent No. | Available At |
|---|---|
| 7,756,073<br>(the "'073 patent") | Method For Updating A Routing Entry |
| 8,175,037<br>(the "'037 patent") | Method For Updating A Routing Entry |
| 7,643,423<br>(the "'423 patent") | Dynamic Channel Allocation In Multiple-Access Communication Systems |
| 7,987,270<br>(the "'270 patent") | Apparatus, And Associated Method, For Facilitating QoS And Bearer Setup In An IP-Based Communication System |

2. IoT Innovations seeks injunctive relief and monetary damages.

## PARTIES

3. IoT Innovations is a limited liability company formed under the laws of Texas with a registered office address located in Austin, Texas.

4. Defendant Resideo Technologies, Inc. ("Resideo") is a corporation formed and organized under the laws of Delaware with its principal executive offices and corporate headquarters located at 16100 N. 71st Street, Suite 550, Scottsdale, Arizona. Resideo is registered to do business in Texas. *See* TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/ at Filing No. 804269474 (showing Resideo's application for registration to do business as a foreign corporation in Texas). Resideo's registered agent in Texas is Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3128.

5. Defendant Resideo LLC f/k/a Ademco Inc. ("Resideo LLC" or "Ademco") is a corporation formed and organized under the laws of Delaware with its principal place of business at 115 Tabor Rd. Morris Plaints, NJ 07950. Ademco is registered to do business in Texas and maintains Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3128 as its registered agent. *See* TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/ at Filing No. 803012625 (showing Ademco's 2023 Public Information Report in Texas). On February 13, 2025, Ademco Inc. was converted to Resideo LLC. *See id.* at Document Number 1452466050007 (showing Ademco's Amendment to Registration to Disclose a Change Resulting from A Conversion or Merger). Resideo LLC is a wholly-owned subsidiary of Resideo.

6. On information and belief, Defendants on their own and/or via subsidiaries, distributors, and affiliates maintain a corporate and commercial presence in the United States, including in Texas and this District. Defendants maintain their business presence in the U.S. and Texas *via* at least the following activities: 1) providing branch locations across the U.S. (including six in Texas) where consumers may pick-up purchased products; 2) maintaining an online presence

(https://www.resideo.com/us/en/products/, https://www.adiglobaldistribution.us/Catalog/shop-brands/resideo, and https://www.honeywellhome.com/us/en) that solicits sales of Resideo products under at least the Resideo® and Honeywell Home™ brands; 3) distributing, via wholesale and retail channels, Resideo's products and services, including utilizing national retailers in this District; 4) providing to U.S. consumers the "Resideo App," the "Total Connect Comfort app" and the "ADI mobile app" (among other app software) for accessing product information, connecting to Wi-Fi networks, purchasing products, and other services related to Resideo products; 5) establishing a network of distributors, dealers, and qualified expert installers for the sale and use of Resideo products across the U.S.; and 6) employment of at least 3,300 persons in the United States, including residents of Texas and this District.

7. Defendants employ Texas residents in at least five (5) business locations in the Dallas / Fort Worth area, including at 12880 Valley Branch Lane Farmers Branch, TX 75234 (branch location); 5036 Saunders Rd., Fort Worth, TX 76119 (branch location), 750 W John Carpenter Freeway, Irving, TX, 75039, 346 Beltline Rd Unit 100, Coppell, TX, 75019, and 2601 Petty Place, Fort Worth, TX, 76177. *See, e.g.*, *Why Join Us*, RESIDEO, https://www.resideo.com/us/en/corporate/about/careers (providing a link to Resideo's job search portal, which identifies where Resideo is hiring). Thus, Defendants Resideo and Resideo LLC do business in the United States, the state of Texas, and in the Eastern District of Texas.

## JURISDICTION AND VENUE

8. This arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

A. DEFENDANT RESIDEO

10. On information and belief, Defendant Resideo is subject to this Court's specific and

general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and this District, including: (A) at least part of its infringing activities alleged herein, including its registration to do business in Texas, which purposefully avail the Defendant of the privilege of conducting those activities in this state and this District and, thus, submits itself to the jurisdiction of this court; and (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this District, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to and targeting Texas residents and residents of this District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, affiliates, and/or consumers.

11.     For example, Resideo owns and/or controls multiple subsidiaries, distributors, and affiliates including, but not limited to, Defendant Resideo LLC. Resideo LLC operates in the U.S. and in Texas under the assumed name "Resideo" and is also known as ADI Global Distribution or ADI. Resideo maintains a significant business presence in Texas by employing residents in at least six (6) branch locations where consumers may purchase and pick-up merchandise and other warehousing/distribution facilities, including locations in Austin, Houston, San Antonio, and the Dallas/Fort Worth Area. *See, e.g., BranchLocator*, ADI, A RESIDEO COMPANY, https://www.adiglobaldistribution.us/dealerlocator (providing a search function for consumers to find branch locations in the U.S. and Texas). Resideo, via at least the operations of its ADI Global Distribution business segment, owns or leases a logistics and distribution facility in this District at 2601 Petty Place, Fort Worth, TX, 76177. *See* Property Search Results for Year 2025, https://www.dentoncad.com/property-search (Search results for "Ademco" as owner). Importantly, Resideo maintains its own employees or agents at this facility to conduct its business

of at least distribution of Resideo products. *See, e.g.,* https://ehtl.fa.us6.oraclecloud.com/hcmUI/CandidateExperience/en/sites/CX/job/15172/?utm_medium=jobshare&utm_source=External+Job+Share (showing a "Sr HSE Leader" position open for hiring at the 2601 Petty Place location).

12. Such a corporate and commercial presence by Defendant Resideo furthers the development, design, manufacture, importation, distribution, and sale of Defendant's infringing electronic devices in Texas, including in this District. Through utilization of its business segments and the direction and control of its subsidiaries and affiliates, Resideo has committed acts of direct and/or indirect patent infringement within Texas, this District, and elsewhere in the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Resideo would not offend traditional notions of fair play and substantial justice.

13. On information and belief, Resideo controls or otherwise directs and authorizes all activities of its subsidiaries, distributors, and affiliates, including, but not limited to Defendant Resideo LLC, which, significantly, has substantial business operations in Texas. Directly and via at least these subsidiaries, distributors, and/or affiliates and via intermediaries, such as resellers, dealers, expert installers, and customers, Resideo has placed and continues to place infringing electronic devices, including Resideo's smart home devices, such as Resideo® and Honeywell Home™ branded devices, into the U.S. stream of commerce. Resideo has placed such products into the stream of commerce with the knowledge and understanding that such products are, will be, and continue to be sold, offered for sale, and/or imported into this District and the State of Texas. *See Litecubes, LLC v. Northern Light Products, Inc.*, 523 F.3d 1353, 1369-70 (Fed. Cir. 2008) ("[T]he sale [for purposes of § 271] occurred at the location of the buyer."); *see also Semcon IP Inc. v. Kyocera Corporation*, No. 2:18-cv-00197-JRG, 2019 WL 1979930, at *3 (E.D. Tex.

May 3, 2019) (denying accused infringer's motion to dismiss because plaintiff sufficiently plead that purchases of infringing products outside of the United States for importation into and sales to end users in the U.S. may constitute an offer to sell under § 271(a)).

14.     On information and belief, Defendant Resideo also purposefully places infringing smart home devices in established distribution channels in the stream of commerce by contracting with national retailers who sell Resideo's products in the U.S. via online and brick and mortar stores, including in Texas and this District. Resideo contracts with these companies with the knowledge and expectation that Resideo's smart home devices will be imported, distributed, advertised, offered for sale, and sold in the U.S. market. For example, at least Best Buy, Walmart, Home Depot, Lowes, Target, and Amazon.com offer for sale and sell Resideo smart home devices, in and specifically for the U.S. market, via their own websites or retail stores located in and selling their products to consumers in Texas and this District. *See, e.g.*, Find A Resideo Retailer Near You, RESIDEO, https://www.resideo.com/us/en/find-a-retailer/ (showing where the Resideo's products are sold). Moreover, Resideo products, such as at least Honeywell HomeTM branded products are offered for sale and sold in retail stores located in this District. *See, e.g.*, T9 WiFi 7-Day Programmable Smart Thermostat with Touchscreen Display and Smart Room Sensor, HOME DEPOT, https://www.homedepot.com/p/Honeywell-T9-WiFi-7-Day-Programmable-Smart-Thermostat-with-Touchscreen-Display-and-Smart-Room-Sensor-RCHT9610WFSW2003/312604036 (showing Resideo's Honeywell Home product available for sale in Frisco). Resideo also provides its application software products and services, e.g., the "Resideo App," the "Total Connect Comfort App," and the "Total Connect 2.0 App" for download and use in conjunction with and as a part of smart home devices. *See* Applications for Your Connected Products, RESIDEO, https://www.resideo.com/us/en/apps/ (listing available Resideo

apps). Resideo's apps are available via digital distribution platforms operated by Apple Inc. and Google. *Id.*

15. Based on Defendant Resideo's connections and relationship with its distributors, subsidiaries, including its wholly owned subsidiary Resideo LLC, resellers, contractors, dealers, installers, local and U.S. based national retailers, and digital distribution platforms, Resideo knows that Texas is a termination point of the established distribution channel for the sale and use of Resideo smart home products and related software to consumers in Texas. Resideo, therefore, has purposefully directed its activities at Texas, and should reasonably anticipate being brought in this Court, at least on this basis. *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 WL 1025467, at (E.D. Tex. 2009) (finding that "[a]s a result of contracting to manufacture products for sale in" national retailers' stores, the defendant "could have expected that it could be brought into court in the states where [the national retailers] are located").

16. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). As alleged herein, Defendant Resideo has committed acts of infringement in this District. As further alleged herein, Defendant Resideo, via its own operations and employees located there and via ratification of Defendant Resideo LLC's (i.e., ADI) presence and activities, including as an agent and alter ego of Resideo, has a regular and established place of business, in this District. Resideo's regular and established place of business is at 2601 Petty Place, Fort Worth, TX, 76177, which according to publicly available records is located in Denton County. Accordingly, Resideo may be sued in this district under 28 U.S.C. § 1400(b).

### B. DEDENDANT RESIDEO LLC F/K/A ADEMCO

17. On information and belief, Defendant Resideo LLC is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and this District, including: (A) at least part of its

infringing activities alleged herein which purposefully avail the Defendant of the privilege of conducting those activities in this state and this District and, thus, submits itself to the jurisdiction of this court; and (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this District, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to and targeting Texas residents and residents of this District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers. For example, Resideo LLC is registered to do business in Texas, including registration to use the name "Resideo," which is the same name of its parent Resideo Technologies, Inc. Moreover, Resideo LLC, including as an alter ego of parent company Resideo, owns and operates a logistics/distribution facility where employees and/or agents of Defendants work to store, distribute, and sell Resideo products, including related administration of the business. This facility is located in Denton County at 2601 Petty Place, Fort Worth, TX, 76177.

18. Defendant Resideo LLC further is responsible for importing, shipping, distributing, selling, offering for sale, delivering, and using Resideo's smart home devices, including Resideo® and Honeywell Home™ branded products and purposefully placing infringing smart home devices in established distribution channels in the stream of commerce in the U.S., including in Texas and this District. For example, Resideo LLC, in concert with Resideo as part of the ADI Global Distribution segment, distributes its products to residents of Texas and this District, via distributors, professional contractors, original equipment manufacturers, dealers, retailers, and online merchants (including its own online store). *See Resideo*, ADI, A RESIDEO COMPANY, https://www.adiglobaldistribution.us/Catalog/shop-brands/resideo (showing Resideo products offered for sale via ADI's website). Moreover, Resideo LLC provides branch locations where

residents of Texas and this District "shop and pick up anytime at an ADI locker" Resideo products sold to consumers via ADI's website. *See* Shop Online, Pick Up Anytime, ADI, A RESIDEO COMPANY, https://www.adiglobaldistribution.us/pick-up-anytime. Resideo LLC also provides software applications such as the ADI app "for the easiest, fastest, access to products, account information and more." *See* Access ADI Wherever You Go, ADI, A RESIDEO COMPANY, https://www.adiglobaldistribution.us/adi-app (advertising that the app "makes browsing and shopping low-voltage products easier than ever"). Defendant Resideo LLC, therefore, has purposefully directed its activities at Texas, and should reasonably anticipate being brought in this Court.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). As alleged herein, Defendant Resideo LLC has committed acts of infringement in this District and has one or more regular and established places of business in this District, including the location listed above in Denton county. One such regular and established place of business is the Resideo LLC facility located at 2601 Petty Place, Fort Worth, TX, 76177, which Resideo and Resideo LLC jointly utilize, via their employees and/or agents, to store, distribute, and sell Resideo products in this District, Texas, and the U.S. Accordingly, Defendant Resideo LLC may be sued in this district under 28 U.S.C. § 1400(b).

20. On information and belief, Defendants Resideo and Resideo LLC each have significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this District both proper and convenient for this action.

## THE ACCUSED PRODUCTS

21. IoT Innovations repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

22. On information and belief, a significant portion of the operating revenue of Defendants

is derived from the manufacture and sale of smart home devices. For example, Defendant Resideo utilizes its distributors, subsidiaries, including its wholly owned subsidiary Defendant Resideo LLC, resellers, contractors, dealers, installers, retailers, and digital distribution platforms to provide smart home devices and related services to consumers. For the year 2023, Defendants reported $2.672 billion in (external) revenue for the Products & Solutions segment and the ADI Global Distribution segment reported $3.57 billion in external revenue. *See* Resideo 2023 Annual Report at 49.

23.     The Asserted Patents cover Defendants' smart home products and components, software, services, and processes related to same that generally connect to other devices in a network or other networks using a wireless protocol, such as Wi-Fi. *See All Smart Home Products*, RESIDEO, https://www.resideo.com/us/en/products/ ("From WiFi connected, smart and programmable thermostats to humidifiers, home ventilation and air purifiers, shop Resideo to take control of what supports your home in making you feel more at home.") (last visited February 20, 2025).

24.     Defendants' infringing accused products include, but are not limited to, Resideo Smart Home App, Resideo Total Connect 2.0 App, Honeywell Home App, RTF0B4T1AL59UB Wireless Module, Honeywell LTE-HSV 4G High Security Multi-Path Communicator VISTA (Verizon), Honeywell LTE-XA 4G Communicator for VISTA (AT&T), Honeywell LTE-CFA AT&T Internet and 4G Light Commercial Fire Communicators, Honeywell LTE-21V 4G LTE Communicator for VISTA21PLTE (Verizon), Resideo V128BPTSIA 4G LTE Communicator for VISTA, Resideo LTEM-XV LTE Cat M1 Communicator for VISTA Control Panels (Verizon), Honeywell LTE-L57A 4G Communicator for LYNX (AT&T), Honeywell LTE-L57V 4G Communicator for LYNX (Verizon), Honeywell LTE-L3V 4G LTE Communicator for LYNX

3000 (Verizon), Resideo VISTA-15PSIA VISTA Control Panel for SIA Installation, Resideo V15PACK VISTA 15P Burglary Alarm Control Panel Kit, Resideo LTE Cellular Communications Modules PROLTE Series (PROLTE-A, PROLTE-V2), Honeywell HWF2V-COM Single or Dual Path Light Commercial Fire Communicator (Verizon), Resideo Videofied XTO640 Wireless Outdoor Alarm Panel with ANXTSIM LTE Sim Card, Honeywell LTE-IA 4G Multi-Path Communicator for VISTA (AT&T), Honeywell LTE-IV 4G Multi-Path Communicator for VISTA (Verizon), Resideo VISTA LTE CatM Communicators (LTEM-XA), Resideo L3000 LTE Communicators (LTE-L3A), Honeywell VISTA 4G LTE Communicators (LTE-XV), Honeywell HWF2A-COM Single or Dual Path Light Commercial Fire Communicator (AT&T), Resideo LTEM-PXA Advanced Modular Communicator (AT&T) Dual Path , Resideo LTEM-PXV Advanced Modular Communicator (Verizon) Dual Path, Resideo LTEM-PA Advanced Modular Communicator (AT&T), Resideo LTEM-PV Advanced Modular Communicator (Verizon), Resideo LTEM-PIA LTE CAT M1 Cellular and Internet Communicator for Vista (AT&T), Resideo LTEM-PIV LTE CAT M1 Cellular and Internet Communicator For Vista (Verizon), Resideo IP-COM Advanced Modular Internet Communicator, Resideo LTE-KLA Advanced Modular Communicator (AT&T), Honeywell LTE-CFV VISTA High Security Fire Internet and LTE Communicators, Honeywell LYRICLTE-A -Lyric 4G LTE Digital Cellular Communicator (AT&T), Honeywell LYRICLTE-V Lyric 4G LTE Digital Cellular Communicator (Verizon) (collectively, the "Accused Products").

25.     Defendants each instruct their customers, agents, employees, and affiliates regarding how to use the Accused Products.

26.     For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of one or more of the Asserted Patents.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,756,073

27. IoT Innovations repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

28. The USPTO duly issued U.S. Patent No. 7,756,073 (hereinafter, the "'073 patent") on July 13, 2010, after full and fair examination of Application No. 10/247,567 which was filed on September 20, 2002.

29. IoT Innovations owns all substantial rights, interest, and title in and to the '073 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

30. IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '073 patent.

31. The claims of the '073 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components and functionalities that improve tools for searching electronic information repositories and retrieving relevant results using queries and results built from natural language.

32. The written description of the '073 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

33. Defendants have directly infringed one or more claims of the '073 patent by making, using, selling, offering to sell, importing into the United States, providing, supplying, or distributing the Accused Products.

34. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claims 15 and 17 of the '073 patent. *See, e.g.*, **Exhibit A**, Evidence of Use Regarding Infringement of U.S. Patent No. 7,756,073.

35. IoT Innovations has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,175,037

36. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

37. The USPTO duly issued U.S. Patent No. 8,175,037 (hereinafter, the "'037 patent") on May 8, 2012 after full and fair examination of Application No. 12/575,129, which was filed on October 7, 2009, which claims priority to a continuation of application No. 10/247,567, filed on September 20, 2002. A Certificate of Correction was issued on July 31, 2012.

38. IoT Innovations owns all substantial rights, interest, and title in and to the '037 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

39. IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '037 patent.

40. The claims of the '037 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of transforming data through

and by updating a routing entry securely within a network.

41.     The written description of the '037 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

42.     Defendants have directly infringed one or more claims of the '037 patent by making, using, selling, offering to sell, importing into the United States, providing, supplying, or distributing the Accused Products.

43.     Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claims 1 and 4 of the '037 patent. *See, e.g.*, **Exhibit B**, Evidence of Use Regarding Infringement of U.S. Patent No. 8,175,037.

44.     IoT Innovations has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,643,423**

45.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

46.     The USPTO duly issued U.S. Patent No. 7,643,423 (hereinafter, the "'423 patent") on January 5, 2010, after full and fair examination of Application No. 11/507,789, which was filed on August 21, 2006.

47.     IoT Innovations owns all substantial rights, interest, and title in and to the '423 patent, including the sole and exclusive right to prosecute this action and enforce the '423 patent against

infringers and to collect damages for all relevant times.

48. IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '423 patent.

49. The claims of the '423 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of two-way communication systems by reducing interference .

50. The written description of the '423 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

51. Defendants have directly infringed one or more claims of the '423 patent by making, using, selling, offering to sell, importing into the United States, providing, supplying, or distributing the Accused Products.

52. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claims 1, 2, 9, and 10 of the '423 patent. *See, e.g.*, **Exhibit C**, Evidence of Use Regarding Infringement of U.S. Patent No. 7,643,423.

53. IoT Innovations has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,987,270

54. IoT Innovations repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

55. The USPTO duly issued U.S. Patent No. 7,987,270 (hereinafter, the "'270 patent") on July 26, 2011, after full and fair examination of Application No. 09/992,790, which was filed on November 5, 2001. A Certificate of Correction was issued on March 27, 2012.

56. IoT Innovations owns all substantial rights, interest, and title in and to the '270 patent, including the sole and exclusive right to prosecute this action and enforce the '270 patent against infringers and to collect damages for all relevant times.

57. IoT Innovations or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '270 patent.

58. The claims of the '270 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the communication between nodes in a wireless network using bearers.

59. The written description of the '270 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

60. Defendants have directly infringed one or more claims of the '270 patent by making, using, selling, offering to sell, importing into the United States, providing, supplying, or distributing the Accused Products.

61. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 10 of the '270 patent. *See, e.g.*, **Exhibit D**, Evidence of Use Regarding Infringement of U.S. Patent No. 7,987,270.

62. IoT Innovations has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to IoT Innovations in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

63. IoT Innovations hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

64. IoT Innovations requests that the Court find in its favor and against Defendant, and that the Court grant IoT Innovations the following relief:

   a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

   b. Judgment that Defendants account for and pay to IoT Innovations all damages to and costs incurred by IoT Innovations because of their infringing activities and other conduct complained of herein;

   c. Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

   d. That this Court declare this an exceptional case and award IoT Innovations its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

   e. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>December 12, 2025</u>                    Respectfully submitted,

By: <u>/s/ C. Matthew Rozier</u>

C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
1001 Bannock Street, Suite 241
Denver, Colorado 80204
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

James F. McDonough, III (GA 117088)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

Gary R. Sorden
Texas Bar No. 24066124
gsorden@coleschotz.com
Rajkumar Vinnakota
Texas Bar No. 24042337
kvinnakota@coleschotz.com
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390; (945) 355-5015
Fax: (469) 533-158; (469) 208-3283

*Attorneys for Plaintiff IoT INNOVATIONS LLC*

\* Admitted to the Eastern District of Texas

**List of Exhibits**

    A. Evidence of Use Regarding Infringement of U.S. Patent No. 7,756,073

    B. Evidence of Use Regarding Infringement of U.S. Patent No. 8,175,037

    C. Evidence of Use Regarding Infringement of U.S. Patent No. 7,643,423

    D. Evidence of Use Regarding Infringement of U.S. Patent No. 7,987,270

**Attachments**

- Civil Cover Sheet
- Proposed Summons (2)